UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANE ROE,

                Plaintiff,

                                      Case No. 26-cv-504-pp

    v.

UNITED STATES OF AMERICA,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM (DKT. NO. 5)**

---

On March 27, 2026, the plaintiff—using the pseudonym "Jane Roe"—filed a complaint alleging that she had been sexually harassed and sexually assaulted by a Bureau of Prisons (BOP) officer while she was incarcerated. Dkt. No. 1. The plaintiff has filed a motion asking to proceed under the Jane Roe pseudonym. Dkt. No. 5. The defendant has not appeared or responded to the plaintiff's motion.

The court's docket is presumptively public and a district "judge has an independent duty to determine whether exceptional circumstances justify . . . a departure from the normal method of proceeding in federal courts." Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997). A plaintiff can rebut this presumption by showing that the harm of identifying the plaintiff outweighs the public's interest in disclosure. Doe v. City of Chicago, 360 F.3d 667, 669–70 (7th Cir. 2004). The Seventh Circuit Court of Appeals has recognized that victims of sexual assault are among those who may appropriately proceed under a pseudonym. Blue Cross, 112 F.3d at 873.

1

The plaintiff argues that exceptional circumstances justify allowing her to proceed under a pseudonym. Dkt. No. 5-1. She argues that disclosure of her identity may subject her to retaliation from the BOP because she remains in BOP custody. Id. at 4. The plaintiff argues that this case is highly sensitive because it pertains to sexual assault and she contends that she could be subject to harassment, ridicule and embarrassment if she were publicly associated with the case. Id. at 5. She argues that denying this motion would have a chilling effect on similarly situated plaintiffs. Id. at 5–6. The plaintiff contends that the defendant would not be prejudiced because it already is aware of her identity from the administrative complaints she submitted to the BOP. Id. at 6–7.

The plaintiff has met her burden of showing that the harm of identifying her outweighs the harm of concealing her name from the public. Given the sensitive nature of the facts and the plaintiff's reasonable fear of retaliation, the plaintiff has demonstrated that there are exceptional circumstances justifying her continued anonymity.

The court **GRANTS** the plaintiff's motion to proceed using the "Jane Roe" pseudonym. Dkt. No. 5.

The court **ORDERS** that the parties and court staff must continue to use the "Jane Roe" pseudonym for the plaintiff in all filings until further order of the court.

Dated in Milwaukee, Wisconsin this 14th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

2